# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

---

LYNN TANNER,

       Plaintiff,

v.

WAUKESHA COUNTY, and
ERIC SEVERSON, in his official capacity as Waukesha
County Sheriff,

       Defendants.

Case No. 26-cv-1193
**JURY DEMAND**

---

## COMPLAINT

---

NOW COMES Plaintiff, Lynn Tanner, by her attorneys, AxePoint Law, and hereby alleges her claims against the above-named defendants as follows:

## INTRODUCTION

This is a civil rights action under 42 U.S.C. § 1983 to redress violations of Plaintiff Lynn Tanner's rights under the First Amendment to the United States Constitution. Defendants have a written policy that requires women to remove their religious headscarves, or hijabs, during booking photographs. Plaintiff is a Muslim woman who, pursuant to policy, was compelled by Waukesha County Jail officials to remove her religious headscarf (hijab) for a booking photograph, despite her express objection that doing so violated her sincerely held religious beliefs. The County stored the uncovered photograph on its jail server for all staff to view, printed it on

1

a wristband read by male officers, and released it to any member of the public who asked for it.

## PARTIES

1. Plaintiff Lynn Tanner is a Wisconsin resident and a practicing Muslim, currently residing in Janesville, Wisconsin.

2. Defendant Waukesha County is and was at all times relevant a county created and authorized under the laws of the State of Wisconsin and is authorized to maintain a county jail and Sheriff's Department which acts as its agent in taking charge of the Waukesha County Jail and performing all functions incident to maintaining the Sheriff's Department and the county jail, including creating and enforcing policies and procedures for booking arrestees.

3. Defendant Eric Severson is the Sheriff of Waukesha County and is sued in his official capacity. Under Wisconsin law, the Sheriff has charge of the county jail. Wis. Stat. § 59.27(1). At all times relevant, the Sheriff was a final policymaker for intake and booking policies and procedures at the Waukesha County Jail, including the policy challenged in this action.

## JURISDICTION AND VENUE

4. This action arises under the First Amendment to the United States Constitution, as incorporated against the States through the Fourteenth Amendment, and Title 42 of the United States Code, Section 1983, and the Religious Land Use and Institutionalized Persons Act, Title 42 U.S.C. Section 2000cc *et seq*.

5.     Jurisdiction of the Court is conferred by Title 28 of the United States Code, Sections 1331 and 1343(a)(3) and (4).

6.     The U.S. District Court for the Eastern District of Wisconsin is the proper federal venue for this action, pursuant to Title 28 of the United States Code, Section 1391(b), because it is the judicial district where the constitutional rights of Plaintiff were violated.

## FACTUAL BACKGROUND

7.     Plaintiff wears a hijab as a central and sincerely held religious obligation. For purposes of this complaint, the term "hijab" refers to a garment worn by many Muslim women in various parts of the world that covers the wearer's hair, ears, and neck, but leaves her entire face exposed. The word hijab is sometimes used to refer to a full-face covering, but Plaintiff does not wear a niqab or face veil.

8.     For Plaintiff, and other observing Muslim women, the practice of covering one's hair, ears, and neck entails wearing a hijab at all times, whether in public or at home, when the wearer is in the presence of men who are not part of her immediate family.

9.     For Plaintiff, it is a mandatory aspect of her Muslim faith and identity.

10.     Plaintiff wears her hijab every single day.

11.     On November 17, 2025, Plaintiff was pulled over by a deputy with the Waukesha County Sheriff's Department for a routine traffic stop.

12.     The traffic stop resulted in the arrest of Plaintiff, and she was conveyed to the Waukesha County Jail.

3

13. At the Waukesha County Jail, Plaintiff was booked.

14. During the booking process, Plaintiff was ordered to remove her hijab so that a search of her hijab and hair could be performed by a female officer. Plaintiff complied, after which the hijab was returned to her.

15. Following the search, the intake officer led Plaintiff to an area to take her booking photograph and ordered Plaintiff to remove her hijab for the photograph.

16. Plaintiff objected and informed the officer that being photographed without her hijab would violate her religious beliefs.

17. Plaintiff asked to keep the hijab on for the photograph.

18. The booking officer informed Plaintiff that it was the jail's policy and required Plaintiff to remove her hijab for the booking photograph.

19. Plaintiff was photographed without her hijab, resulting in a color photograph showing her uncovered hair and neck.

20. Following the photograph, Plaintiff was permitted to put her hijab back on.

21. Plaintiff's booking photograph was stored on the jail server, viewable by all staff, including male staff, and printed on her inmate wristband, also viewable by male staff.

22. In December 2025, Plaintiff's counsel submitted a statutory open records request to the Waukesha County Sheriff's Department, the same open

4

records request that any member of the public can make, and in response, the Department released documents including Plaintiff's booking photograph.

23. Plaintiff's booking photograph, of her without her hijab, is now a public record available for anyone to see.

**COUNT I**
**Title 42, United States Code, Section 1983**
**First Amendment – Free Exercise**
***Monell***

24. Plaintiff re-alleges and incorporates herein by reference the foregoing paragraphs.

25. 42 U.S.C. § 1983 prohibits any person acting under color of state law from depriving a person of rights secured by the Constitution and laws of the United States.

26. At all relevant times, Defendants acted under color of state law.

27. Under the First Amendment to the Constitution of the United States of America, Plaintiff has the right to freely exercise her religion.

28. Defendants' policy is neither neutral nor generally applicable. It singles out religious head coverings by name and mandates their removal precisely because they are religious garb. A policy that targets religious exercise on its face must satisfy strict scrutiny.

29. Where the government itself grants exemptions for religious head coverings in official photographs, as Wisconsin does for operator's licenses and the federal government does for passports, a jail's categorical refusal to do the same is neither neutral nor generally applicable and cannot survive strict scrutiny.

5

30. By forcing Plaintiff to remove her hijab for the booking photograph, Defendants imposed a substantial burden on Plaintiff's religious exercise without a compelling governmental interest and without narrow tailoring, in violation of the First Amendment.

31. By making Plaintiff's photograph accessible to males in the jail system, Defendants imposed a substantial burden on Plaintiff's religious exercise without a compelling governmental interest and without narrow tailoring, in violation of the First Amendment.

32. By making Plaintiff's photograph accessible to the public via open records requests, Defendants imposed a substantial burden on Plaintiff's religious exercise without a compelling governmental interest and without narrow tailoring, in violation of the First Amendment.

33. Defendants created, continues to maintain, and enforce intake and booking policies that require the removal of religious head coverings for booking photographs.

34. Waukesha County Sheriff's Department/Jail Division Policy and Procedure 351.1.28 states:

> When dealing with a Waukesha County Jail female inmate of the Muslim faith, staff will make every effort to respect the customs of the inmate's religion.
>
> A. If the inmate is wearing a hijab, a veil which covers the hair and neck of Muslim women in the presence of non-related males, the veil will be removed in a private location during the intake search (e.g. AO vestibule bathroom).

6

B. The hijab will be searched by a female correctional officer and returned to the inmate before she is made to exit the private location.
C. The hijab will again be removed for the intake photograph to be taken, also in the presence of female correctional staff.
D. Unless there are exigent circumstances (i.e. SU PRO) the hijab will be inventoried as an item of inmate property but may be retained by the inmate during confinement.   If the inmate is not allowed to remain in possession of the hijab, an event log is to be created clearly documenting the reason.
E. The hijab is only permitted to cover the inmates' hair and neck. It is not permissible for the inmate to cover her face with the garment.

35.    The policy's purported accommodations end the moment the photograph is taken. A removal conducted in private, before female officers only, means nothing when the resulting image is stored on the jail server for viewing by all staff, male and female, printed on a wristband read by male officers, and released to any member of the public upon request.

36.    This policy is an express, official written policy of Defendants and was the moving force behind the violations suffered by Plaintiff.

37.    Defendant Waukesha County promulgated, maintains, and enforces the policy through its Sheriff's Department. In the alternative, Defendant Severson, as the final policymaker for intake and booking procedures at the Waukesha County Jail, promulgated, maintains, and enforces the policy. Under either allocation of policymaking authority, Defendants are liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

38.    The policy contravenes national norms and practices.

7

39. The United States Department of State permits those who wear hats or head coverings for religious reasons to keep those coverings on in official passport photographs. The Department of State website states that those being photographed may wear religious hat or head coverings if they submit a signed statement that verifies that the hat or head covering in the person's photograph is part of recognized, traditional religious attire that is customarily or required to be worn continuously in public.

40. Similarly, the United States Citizenship and Immigration Services ("USCIS") issued a policy memorandum on July 23, 2012 that permits religious head coverings to be worn in photographs. The memorandum states that "USCIS will accommodate an individual who wears headwear as part of their religious practices." Should a head covering cast a shadow over the wearer's face or otherwise obscure part of their face, USCIS will "ask an individual to remove or adjust portions of religious headwear that covers all or part of the individual's face." In this situation, USCIS will offer the wearer a private room or screened area in which to adjust their head covering as well as a photographer of their gender. The religious head covering in question "is allowed to cover the ears if USCIS can still identify the individual."

41. Wisconsin itself permits religious head coverings in official identification photographs. An applicant for an operator's license or state identification card who "has sincerely held religious convictions that require the applicant to wear a head covering for any photograph" may wear that covering in

8

the photograph, provided it is pushed from the forehead and sides until a full facial image is shown. Wis. Admin. Code Trans § 102.03(2)(b)1.–2.

42. Wisconsin goes further still. A person "whose sincerely held religious beliefs do not permit the person to be viewed by members of the opposite sex" may request that their identification photograph be taken outside the presence of persons of the opposite sex, and the Department of Transportation will schedule the photograph outside normal business hours to accommodate the request. Wis. Admin. Code Trans § 102.03(5). Wisconsin thus recognizes that the religious interest at stake extends beyond who is present when the photograph is taken to who may view the image itself. Defendants recognized no such interest. They stored Plaintiff's uncovered photograph on the jail server for viewing by male staff, printed it on a wristband read by male officers, and released it to the public.

43. Law enforcement officials across the country have likewise recognized the right of citizens to wear hijabs or other religious head coverings while being photographed for official government purposes.

44. In Hennepin County, Minnesota – the county that includes Minneapolis – the Sheriff's Office implemented a new policy for inmates at the Hennepin County Jail and those in custody throughout Hennepin County in March 2014. The policy permits female arrestees to keep their hijabs on while a booking photograph is taken, and provides that the hijab can be pushed back slightly off of the wearer's face if necessary.

9

45. In Portland, Maine, Cumberland County Sheriff apologized after releasing booking photographs of two Muslim women who were arrested at a Black Lives Matter protest, which showed each woman without her hijab. The jail procedures now require a woman to remove her hijab only in private, without men present, and provide that two booking photographs will be taken, one with the woman's hijab and another without.

46. These examples reflect the growing consensus that there is no basis to require the complete removal of religious head coverings for official government photographs, and even if so, that such photographs should be handled in accordance with religious customs in that they should be taken by female photographers and only made viewable to females unless exigent circumstances warrant otherwise.

47. In the alternative, even under the deferential standard afforded jail regulations, the policy fails because it is not rationally related to any legitimate penological interest: a booking photograph taken with the hijab in place fully identifies the detainee, as the practices of the United States Department of State, USCIS, the Wisconsin Department of Transportation, and other correctional institutions confirm.

48. Defendants' policy fails to rationally advance the County's interest in identifying detainees.

49. Defendants' policy was an official policy that directly caused Plaintiff's constitutional rights to be violated.

10

50.    As a direct and proximate result of Defendants' policy, Plaintiff sustained damages and suffered and continues to suffer mental anguish, emotional distress, humiliation, and embarrassment.

## COUNT II
### The Religious Land Use and Institutionalized Persons Act
**(42 U.S.C. § 2000cc)**

51.    Plaintiff re-alleges and incorporates herein by reference the foregoing paragraphs of this Complaint.

52.    Federal law demonstrates our robust national commitment to the free exercise of religion and prohibits the government from placing a substantial burden on religious exercise. 42 U.S.C. § 2000cc ("RLUIPA").

53.    In contravention of this legislation, the Waukesha County Sheriff's Department's policy substantially burdens Muslim-American women who are arrested and booked in Waukesha County.

54.    Plaintiff is a person entitled to assert a violation of RLUIPA and obtain appropriate relief against a government. 42 U.S.C. § 2000cc-2(a).

55.    Plaintiff's wearing a hijab constitutes a sincerely held religious belief and exercise.

56.    At all times relevant, Defendant Waukesha County was a "government" under RLUIPA, and Defendant Severson, sued in his official capacity as Waukesha County Sheriff, was an official of a governmental entity and/or a person acting under color of State law. *See* 42 U.S.C. § 2000cc-5(4)(A)(i)-(iii).

11

57. Upon information and belief, the Waukesha County Jail at 515 W Moreland Blvd, Waukesha, Wisconsin receives funding from the federal government and is a federally funded institution as defined under RLUIPA.

58. At the time Plaintiff's constitutional right was violated, Plaintiff was confined to an institution as defined under RLUIPA.

59. Defendants' acts and policies and customs substantially burdened Plaintiff's religious exercise by requiring her to remove her hijab to be photographed while she was confined to the Waukesha County Jail.

60. Defendants' acts, policies, and customs do not further a compelling government interest and are not the least restrictive means of furthering a compelling government interest.

61. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff sustained damages, and suffered and continues to suffer mental anguish, emotional distress, humiliation, and embarrassment.

**WHEREFORE,** Plaintiff demands judgment against the Defendants as follows:

1. Declaratory relief declaring the Defendants' policy unconstitutional and a violation of Plaintiff's rights;

2. Compensatory, punitive damages, and/or nominal damages for Plaintiff's emotional distress, humiliation, loss of dignity, and violation of her constitutional rights;

12

3.      An injunction requiring Defendants to destroy or permanently seal the booking photograph of Plaintiff taken without her hijab, to remove that photograph from all servers, records, wristbands, and systems accessible to jail staff or the public, to permit Plaintiff to be re-photographed wearing her hijab or to substitute a compliant photograph in all records, and to refrain from releasing the uncovered photograph in response to any records request;

4.      An injunction enjoining Defendants from maintaining and enforcing the policy; and

5.      For all costs, disbursements, interest, and reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988, and for such of the relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests a trial by jury on all matters as to which she is entitled to by law.

Respectfully submitted, this 8th day of July, 2026.

**AXEPOINT LAW**
*Attorneys for Plaintiff*

*Electronically signed by*:
*/s/O. Emil Ovbiagele*
State Bar No. 1089677
*/s/Samantha H. Baker*
State Bar No. 1101385

826 N. Plankinton Ave, Ste 600
Milwaukee, WI 53203
(414) 585-0588 (office)
(414) 255-3031 (fax)

13

emil@axepoint.com
samantha@axepoint.com

14